W. Pennington,
master, sitting for the Chancellor, who had been counsel for some of the parties before his appointment.
There were cestui que trusts not yet born at the time John M. Trumbull conveyed the property to his son, Thomas Gibbons Trumbull, hereafter mentioned. Neither of the sisters of the said Thomas Gibbons Trumbull, whose children are contemplated by the trust deed, married until after that conveyance.
The important inquiry then is, did the conveyance of 22d July, 1836, from John M. Trumbull and Anna and Sarah Trumbull, the cestui que trusts then in life, convey a good title for the property to Thomas Gibbons Trumbull ?
The question really comes to this, was there any power in the grantor or the trustee to revoke the trusts created ? Having actually conveyed the land, placed it in the hands of a trustee, could that trust be put an end to, or varied by any subsequent act of the grantor ? The plain meaning of the trust was, that no sale of the property was to be made until the year 1840, and after that it should be. Many considerations may induce a grantor to postpone the day of sale of his property, and it is essential that such directions be observed. To say the trustee may sell before that time, is entirely to vary the trust. Nor does it alter the case that the daughters joined in the conveyance. Not to sell until April, 1840, was one of the terms upon which the grant is made, and a trustee cannot be allowed to violate his trust, even though it may be sanctioned by the cestui que trusts in life at the time.
The power of revocation cannot, I think, be claimed upon authorities, when the property has passed by conveyance, and is in the hands of the trustee; and there is *231 quito a discrepancy in them, even when the property has never been passed to the trustee, and is strictly a voluntary conveyance.
Petre v. Espinasse, 2 Myl. & K. 496; Roberts v. Lloyd, 2 Beavan 384; Bycroft v. Christy, 2 Beavan 238; Collison v. Patrick, 2 Keene 123, are all cases supporting the trust, and denying the right in any of the parties to set aside or alter it. A case was cited on the argument, by the counsel of the complainants of Beatson v. Beatson, in 12 Simons 281, which was supposed to take a contrary view of this subject. Upon carefully examining that case, I cannot think it as full on the subject as it was claimed to be, and is certainly very far from controlling the present case.
In that case, a single woman had the power of appointment over a fund, and made a voluntary appointment of it to trustees, without, as the Yice Chancellor expressly states in his opinion, any contract with any human being, and altogether voluntary, not to say grossly absurd; she afterwards made a second appointment to trustees, and came into court with her bill to take the funds out of the hands where they were originally placed, and the court treated the first appointment as a nullity. The principle on which this case proceeds is very similar to that of a debtor who conveys property in trust for the benefit of creditors, to whom the conveyance is not communicated; in such case the debtor may revoke the deed. I take this to be well settled. Acton v. Woodgate, 2 Mylne & Keene 492; 2 Story’s Eq. Jur. 972, note 3, and cases there cited. In Beatson v. Beatson, the appointment was entirely voluntary ; the funds had never been disposed of under the first appointment, but remained in the hands of the original parties, and, under the peculiar circumstances of that case, the first appointment was treated as a nullity, and the decision placed on that ground. I do not see how the conveyance in the case before us can be treated as a nullity, or even as a voluntary conveyance. Besides, the property was legally transferred by a valid deed, duly acknowledged and recorded.
*232 As this deed was made by the trustee before the first of April, 1840, it was, in my opinion, contrary to the express terms of the trust, and did not convey to Thomas Gibbons Trumbull a legal estate:
But it is insisted, by the complainants, that if this be so, still if the conveyance made by the trustee was recognised by the trustee subsequent to the first of April, 1840, and the sale virtually affirmed by him after that period, it vested a good title. My construction of the trust is, that a sale was required, to be made after that period, and at all events, that a sale made after that period would be valid and binding. The complainants insist that there is no fraud in the case; that it was all designed to benefit the parties; that it was in fact a family arrangement; that the sale was for the full value, and that the trustee accepted a full equivalent in the bond and mortgage for $12,000 upon the original trusts; and that the trustee has, by his answer and deposition in this cause, fully confirmed the sale.
My impression is that the general proposition contended for is sound. That the trustee might be called upon to answer any deficiency in the amount of the value of the property between the time of the actual sale and the first of April, 1840, the time when the trust authorized it, would seem to be in all respects just and proper; but there is no pretence that the value of the property during that period increased. Indeed it decreased. No question of this character, therefore, can arise in the case.
But I deem it unnecessary to do more than express my present conviction on that point, as the cause can be, and should, in its present shape and present objects, be decided in a very clear and satisfactory manner. John M. Trumbull, the trustee, has now a full right to convey the property in question. The price offered is adequate, and a deed made under the direction of this court, by the complainants and their wives, joined by the trustee, which ..he proffers himself ready to do, with proper recitals, and *233 bringing the purchase money, or the securities taken therefor, into this court, to be disposed of under the direction of the Chancellor, cannot fail to give the purchasers a perfect title, so far as regards all the questions raised in this suit.
The only object of this suit, as between the complainants and the Delaware, Lackawana, and Western Railroad Company, which is the only question now submitted, is to get a perfect title to them for the property contracted for.
Upon a deed prepared in conformity with this opinion, uniting the complainants and their wives, and John M. Trumbull, the trustee, and bringing the money into court, to abide the order of the court, I respectfully advise the Chancellor that a decree for a specific performance he ordered in favor of the complainants.
As to costs, as the suit has been instituted upon the reasonable requirement of the Delaware, Lackawana, and Western Railroad Company, the decree should be without costs.